IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAYNE A. SUTTON,

        Plaintiff,

v.

LARRY FUCHS, SUE NOVAK, RENEE SCHUELER, ANGELA HODGE, LUCINDA BUCHANAN, LORI DOEHLING, J. DOE, SALLAMULLAH SYED, RACHEL PAFFORD, and ISAAC HART,

        Defendants.

ORDER

21-cv-185-slc

---

In an order entered on March 4, 2022, pro se plaintiff Wayne A. Sutton was granted leave to proceed on several Eighth Amendment medical care claims related to his ankle injury. Dkt. 17. Now, over four months later, Sutton has moved for reconsideration of the court's dismissal of his claims related to the overall failure of the health services unit (HSU) to provide adequate care to inmates at the Columbia Correctional Institution (CCI). Dkt. 26.

Sutton generally alleged in his complaint that even though supervisory defendants Sue Novak, Renee Schueler, Angela Hodge, Lucinda Buchanan, and Lori Doehling knew from inmate complaints that the HSU at CCI was failing to provide adequate health care to inmates, they did nothing to fix the problem. He also alleged that Schueler and Hodge did not replace defendant Dr. Syed, despite the fact that they knew numerous inmates had filed complaints about Syed not providing them with adequate medical care.

In his motion for reconsideration, Sutton repeats many of these allegations and expresses his disagreement with the court's interpretation of the facts, relevant case law, and legal

conclusions. However, he does not cite any new legal authority or raise any new arguments in his motion that I have not considered and rejected already in the screening order.

Although Sutton argues that I must give him the benefit of the doubt at this stage of the proceedings, this presumption goes only so far. As discussed in the screening order, Sutton failed to plausibly allege that the above-captioned defendants denied or knew that HSU was denying inmates adequate medical care in violation of their Eighth Amendment rights. Although Sutton alleges that numerous inmates have filed complaints against Dr. Syed and other HSU staff, the filing of a complaint does not mean that unconstitutional conduct occurred. Further, his allegations do not suggest that defendants knew that the absence of any particular policy or procedure would lead to constitutional deprivations. In sum, Sutton's allegations concerning his own unique circumstances and the unique circumstances of other individual inmates, are insufficient to show that the administrative and supervisory defendants knew that HSU was providing unconstitutional care to all inmates.

Accordingly, IT IS ORDERED that plaintiff Wayne Sutton's motion for reconsideration, dkt. 26, is DENIED.

Entered this 2nd day of August, 2022.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge