IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAYNE A. SUTTON,

                      Plaintiff,                    ORDER

v.                                                      21-cv-185-slc

LARRY FUCHS, SUE NOVAK, RENEE
SCHUELER, ANGELA HODGE,
LUCINDA BUCHANAN, LORI DOEHLING,
SALLAMULLAH SYED, RACHEL PAFFORD,
ISAAC HART, and J. DOE #3,

                      Defendants.

---

Pro se plaintiff Wayne A. Sutton is proceeding on several Eighth Amendment medical care claims related to his July 2017 ankle injury. Dkt. 17. In an order entered on August 2, 2022, I denied Sutton's motion for reconsideration of the court's dismissal of his claims related to the overall failure of the health services unit to provide adequate care to inmates at the Columbia Correctional Institution. Dkt. 28. Two days later, Sutton filed a second motion for reconsideration of the same issue. Dkt. 32. His second motion is identical to the first save for a date on the signature page, and appears to have crossed in the mail with my order, so I will deny Sutton's second motion for reconsideration for the reasons stated in the court's prior order.

Sutton's motion for court assistance in recruiting counsel to represent him requires more discussion. Dkt. 29. Pro se litigants do not have a right to counsel in civil cases, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to help pro se litigants find a lawyer to represent them, *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). Specifically, Sutton must show that he is unable to afford counsel, that he has made reasonable efforts on his own to find a lawyer to

represent him, and that the legal and factual difficulty of the case exceeds his ability to prosecute it. *See Pruitt*, 503 F.3d at 654-55. Although Sutton has satisfied the second requirement by submitting several letters from attorneys who declined to represent him, *see* dkt. 30, Sutton did not request to proceed in forma pauperis in this case and he has paid the full filing fee, dkt. 8.[1] Moreover, Sutton attests that he told one attorney that he "could pay a small retainer," suggesting that Sutton can afford counsel.[2] Dkt. 30 at 2.

Even assuming Sutton cannot afford counsel, his arguments do not persuade me that he is unable to litigate this case on his own. First, he argues that his claims have merit because some of his inmate grievances were affirmed. That does not mean unconstitutional conduct occurred, but all I can conclude about the merits of Sutton's claims at this early stage is that he can proceed past screening to discovery on most of them. That Sutton has some evidence to support his claims is not reason enough to help him recruit a lawyer now.

Second, Sutton argues that he will need counsel to find expert witnesses who could establish that he received inadequate medical care. But discovery has just begun and the facts of this case are not fleshed out before the court, so it is not apparent that Sutton needs an expert or that this case will turn on questions of medical expertise. *See Redman v. Doehling*, 751 F. App'x

---

[1] Sutton filed this case in March 2021. The court determined that Sutton qualified as indigent under 28 U.S.C. § 1915 in his three prior-filed, pending cases. *See* dkt. 4 in No. 20-cv-55-slc and No. 20-cv-56-wmc, and dkt. 3 in No. 20-cv-134-wmc. Sutton then wrote a letter to the court in September 2020 indicating that he had begun receiving a pension, and has since paid the filing fee in these other cases. *See* dkts. 5, 33, 37 in No. 20-cv-134-wmc.

[2] This attorney, Larry Lloyd, declined Sutton's offer supposedly because "his preference is pro-bono" and offered to take Sutton's cases if Sutton "appeared. . . on the courts docket looking for an atty to represent [him]." Dkt. 30 at 2. I cannot grant Sutton's motion based on the alleged promise or preference of an attorney; Sutton must meet certain requirements first. To the extent such a conversation would matter, the attorney would have to contact the court and explain his or her position.

900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turn on historical facts as opposed to medical evidence). If this case goes to trial and Sutton can explain more specifically what role an expert would serve to help him prove his claims, he may renew this request at that time.

Third, and finally, Sutton notes that he suffers from mental and physical health issues that have not been properly treated, and that cause him anxiety and effect his memory and ability to focus on and understand the litigation process. Although another inmate has been helping Sutton, Sutton says he cannot rely on that assistance if this inmate is placed in segregation, and he cannot communicate efficiently with this inmate due to mail delays. However, "the fact that an inmate receives assistance from a fellow prisoner should not factor into a court's analysis when deciding whether to help a litigant find a lawyer." *Henderson v. Gosh*, 755 F.3d 559, 564 (7th Cir. 2014). The question is whether the pro se litigant can "coherently present [his case] to the judge or jury himself," not whether a lawyer or someone else could do it better. *Pruitt* at 655.

Sutton—apparently with at least some help from another inmate—has shown that so far he can coherently present his claims and arguments. Although Sutton has several health issues that are concerning, he had no difficulty following along at the telephonic pretrial conference, his filings to date have been meticulous, detailed and coherent, and he has marshaled exhibits in support of his complaint as well as this motion. This case involves Sutton's medical treatment, of which he has personal knowledge. He can use that knowledge to obtain relevant documents, such as medical records, and other relevant information from defendants through the discovery process described in the pretrial conference order. Dkt. 23. In addition, the law

applicable to Sutton's Eighth Amendment medical care claims is well-established and is set forth in the screening order. Dkt. 17. Sutton does not specify what tasks he has been unable to complete, and I have not seen evidence that he is any more limited than the typical pro se prisoner litigant. Indeed, he appears to be highly motivated and diligent. I see no reason why Sutton cannot obtain the discovery he needs and present his version of events to the court without a lawyer, and I will deny without prejudice his request for help recruiting one. If things change as this case progresses, Sutton may renew his motion at that time, and Sutton should also keep in mind that he can ask the court to allow him more time to complete a litigation task for good cause.

ORDER

It is ORDERED that:

(1) Plaintiff's motion for reconsideration, dkt. 32, is DENIED; and

(2) Plaintiff's motion for assistance in recruiting counsel, dkt. 29, is DENIED without prejudice.

Entered this 15th day of August, 2022.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge